13777PI:JKV:cmh                                                   Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JULIE PEARSON, ) | |
| ) | |
| Plaintiff, ) | No. 2019L011520 |
| ) | |
| v. ) | Amount: In Excess of FIFTY |
| ) | THOUSAND ($50,000.00) DOLLARS |
| WALMART INC., a foreign corporation, ) | Plus Cost of Suit |
| and WALMART STORES INC., a foreign ) | |
| corporation, ) | Return Date: |
| ) | |
| Defendant. | |

FILED
10/17/2019 2:31 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L011520

### COMPLAINT AT LAW

NOW COMES the Plaintiff, JULIE PEARSON, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, WALMART INC., and WALMART STORES INC., a foreign corporation, states as follows:

### COUNT I – JULIE PEARSON v. WALMART INC.

1. That on or about October 22, 2017, and at all relevant times herein, the Defendant, WALMART INC., was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain piece of property located at or near the address of 1460 Golf Road in the City of Rolling Meadows, County of Cook, State of Illinois (hereinafter "premises").


DEFENDANT'S EXHIBIT A

3.  That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said property was, in fact, used by the general public.

4.  That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, JULIE PEARSON, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5.  That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6.  That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

7.  That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition upon the premises thereon consequential to the negligence of the Defendant, WALMART INC., to wit: a considerable amount of water on the ground inside the store without warning signs.

8.  That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of the Defendant, WALMART INC., as hereinafter set forth.

9.  That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant, WALMART INC., had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in high probability that others

lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, JULIE PEARSON, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff; said duty included but was not limited to refraining from a negligent standard of care in the remedy, removal, and maintenance of said premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, the Defendant, WALMART INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

    (a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

    (b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

    (c) failed to adequately maintain said premises;

    (d) failed to install safety devices to ensure safe navigation of the footpath by Plaintiff and anyone else legally on the premises;

    (e) maintained said premises in an open, defective condition for an unreasonable length of time;

    (f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence; and

    (g) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises.

13. That as proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WALMART INC., Plaintiff, JULIE PEARSON, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, JULIE PEARSON, demands judgment against the Defendant, WALMART INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

### COUNT II – JULIE PEARSON v. WALMART STORES INC.

1. That on or about October 22, 2017, and at all relevant times herein, the Defendant, WALMART STORES INC., was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain piece of property located at or near the address of 1460 Golf Road in the City of Rolling Meadows, County of Cook, State of Illinois (hereinafter "premises").

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said property was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, JULIE PEARSON, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition upon the premises thereon consequential to the negligence of the Defendant, WALMART STORES INC., to wit: a considerable amount of water on the ground inside the store without warning signs.

8. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of the Defendant, WALMART STORES INC., as hereinafter set forth.

9. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant, WALMART STORES INC., had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in high probability that others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, JULIE PEARSON, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff; said duty included but was not limited to refraining from a negligent standard of care in the remedy, removal, and maintenance of said premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, the Defendant, WALMART STORES INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

    (a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

    (b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

    (c) failed to adequately maintain said premises;

    (d) failed to install safety devices to ensure safe navigation of the footpath by Plaintiff and anyone else legally on the premises;

    (e) maintained said premises in an open, defective condition for an unreasonable length of time;

    (f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence; and

    (g) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises.

13. That as proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WALMART STORES INC., Plaintiff, JULIE PEARSON, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, JULIE PEARSON, demands judgment against the Defendant, WALMART STORES INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.,**
By: John Vrdolyak
100 N. Riverside Plaza, Ste. 2400
Chicago, IL 60606
(312) 482-8200
jvrdolyak@vrdolyak.com

DocuSign Envelope ID: EA800734-C181-4B59-B780-2A02E573CC61

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit

 do

do not

exceed Fifty Thousand Dollars ($50,000.00).

*Julie Pearson*

Julie Pearson

Client

11/10/2018 | 10:36:02 AM CST

Dated