UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE PEARSON, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Case No. 20-cv-141 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

After slipping and falling at one of Walmart's stores, Plaintiff Julie Pearson brought this lawsuit against Walmart in Illinois state court, alleging that Walmart caused her injury by negligently allowing water to accumulate on its floor. Walmart removed the case to federal court, [1], and subsequently moved for summary judgment, [49]. Because Illinois's "natural accumulation" rule shields Walmart from liability for water that accumulated from tracked-in rain, Walmart's motion is granted.

**BACKGROUND**

The court views the following facts, which are undisputed unless otherwise noted, in the light most favorable to Pearson. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On October 22, 2017, Pearson visited Walmart's store in Rolling Meadows, Illinois, for a shopping trip. P's Resp. WSOF, [53] ¶ 5, 7–8.[1] It was raining when Pearson entered the store. *Id.* ¶ 7. As she entered the store, Pearson heard her shoes—still wet from the rain coming down outside—squeak on the floor. *Id.* ¶ 9. Shortly after entering, Pearson slipped on "some sort of liquid on the floor" and fell,

---

[1] Bracketed numbers refer to docket entries and are followed by the page or paragraph number. Page numbers refer to the CM/ECF page number. Citations to the parties' Local Rule 56.1 Statements of Fact are identified as follows: "WSOF" for Walmart's Statement of Facts, [50]; "P's Resp. WSOF" for Pearson's Response to Walmart's Statement of Facts, [53] at 1–9; PSOF for Pearson's Statement of Additional Facts [53] at 9–13; and "W's Resp. PSOF" for Walmart's response to Pearson's Statement of Additional Facts, [55].

injuring herself. *Id.* ¶¶ 10, 12. Pearson could not identify the source of the liquid, but photographs depicting the floor immediately after the accident and prior to any cleaning show some small, scattered water droplets—some of which appear muddy or dirty—spread out a few feet in each direction. *See* [50-8] (photographs); [55] ¶ 52; [50-3] at 20 (CM/ECF page), 75 (dep. tr. page) (Pearson deposition transcript acknowledging that the photographs accurately depict the condition of the floor after her fall). The photographs do not show puddles or other large accumulations. [50-8].

One of Walmart's greeters, an employee named Donna Tucker, was called over to help Pearson shortly after the fall. [55] ¶ 53. Tucker testified that she assumed the water droplets on the floor were the result of tracked-in rainwater, but acknowledged that she could not determine this with certainty. [55] ¶ 61. Walmart's assistant manager Michael Zwolenik was also called to the scene. Like Tucker, Zwolenik believed the droplets to be rainwater. P's Resp. WSOF, [53] ¶ 36. Zwolenik did not see any other open or spilled containers that could have accounted for the water droplets, but similarly testified that he could not say with certainty how the water got there or how long it had been there prior to Pearson's fall. *Id.* ¶¶ 35–38. Walmart's customer service manager, Nusruth Khan, gave similar testimony, explaining that she believed but could not say with certainty that the water droplets were tracked-in rainwater. *Id.* ¶¶ 39–47.

Walmart subsequently produced surveillance footage depicting the scene of the accident in the moments leading up to Pearson's fall. The surveillance video does not unambiguously reveal where the water came from, but it does suggest some possible sources. Namely, two minutes prior to the accident, a customer closed her umbrella over the exact area of the fall. P's Resp. WSOF, [53] ¶¶ 48–49. In addition, between that moment and the time of Pearson's fall, at least six other customers traversed the area, some of whom were holding bags or pushing carts, which may have contained either droplets of rainwater or containers holding liquids. *Id.* ¶ 50.

## ANALYSIS

### I. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Rule 56 'mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087 (7th Cir. 2018) (quoting *Celotex*, 477 U.S. at 322). In other words, to resolve this motion for summary judgement, the court "must determine what it is that [plaintiff] would be required to

prove at trial," *Austin*, 885 F.3d at 1088, and ask whether "a reasonable jury" could find that she has met her burden of proof, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law—here, Illinois state law—controls which facts the plaintiff would have to prove at trial. *Austin*, 885 F.3d at 1088.

In adjudicating a motion for summary judgment, the court gives the non-moving party "the benefit of reasonable inferences from the evidence, . . . but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted); *cf. Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 232 (1990) ("A fundamental principle of tort law is that the plaintiff has the burden of proving by a preponderance of the evidence that the defendant caused the complained-of harm or injury; mere conjecture or speculation is insufficient proof."). "Speculation does not defeat summary judgment," *Austin*, 885 F.3d at 1089, and the "mere 'metaphysical possibility'" that defendant is liable "is not enough to create a material issue of fact," *Jacobs v. University of Wisconsin Hosp. & Clinics Auth.*, 12 F. App'x 386, 390 (7th Cir. 2001) (quoting *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1091 (7th Cir. 2000)).

## II.  Walmart's Motion for Summary Judgment

To prevail on her negligence claim, Pearson must show that (1) Walmart owed her a duty of care, (2) Walmart breached that duty, and (3) Walmart's breach proximately caused her injury. *Rhodes v. Ill. Cent. Gulf R.R.*, 172 Ill. 2d 213, 227 (1996). Walmart argues that Pearson cannot prevail on a negligence theory because Walmart does not have a duty to protect customers from the natural accumulation of water, and because Pearson has not presented any affirmative evidence that the cause of the water droplets was anything other than tracked-in rainwater.

Under Illinois law, "property owners and business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premise from the outside." *Nunez v. Gordon Food Serv., Inc.*, No. 16-cv1077, 2017 WL 3610566, at *3 (C.D. Ill. Aug. 22, 2017) (collecting Illinois cases). Rainwater that is tracked in by customers or employees—including water that falls from objects such as shoes, carts, umbrellas, or other items brought indoors from the outside—qualifies as a "natural accumulation" under this rule. *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 567 (Ill. App. Ct. 1991). Businesses have no duty to remove naturally accumulated rainwater, nor do they have a duty to warn customers of such conditions—and this is true even if the natural accumulation "remains on the property for an 'unreasonable' length of time." *Id.* (collecting cases) (citation and some internal quotation marks omitted).

The natural accumulation rule is not an affirmative defense on which the defendant bears the burden of proof. Rather, it is "beyond debate" that Illinois law requires the *plaintiff* to prove that the accumulation of water was caused by "unnatural" sources. *Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F. Supp. 2d

656, 661 (N.D. Ill. 2011) (emphasis omitted) (collecting cases); *see also, e.g.*, *Domkiene v. Menards, Inc.*, No. 15-cv-5732, 2016 WL 4607888, at *5 (N.D. Ill. Sept. 6, 2016); *Nunez*, 2017 WL 3610566, at *3. To survive summary judgment, then, Plaintiff must "come forward with sufficient evidentiary material to permit the trier of fact to find that moisture was anything other than a natural accumulation" of water. *Nunez*, 2017 WL 3610566, at *3.

Pearson has not met this burden. Although Pearson contends that the liquid "could" have come from an alternate source—such as a product that might have spilled from one customer's bag or from another customer's shopping cart, *see* [52] at 4, 6—she has not put forward any affirmative evidence in support of this theory. Nor does the surveillance video show such a spill occurring. As numerous courts have emphasized, "[s]peculation about the cause of the accumulation does not suffice" to defeat summary judgment. *Domkiene*, 2016 WL 4607888, at *5 (citing, among other cases, *Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012) ("[G]uesswork and speculation are not enough to avoid summary judgment.")); *see also, e.g.*, *Beaumont*, 782 F. Supp. 2d at 662 (plaintiff cannot defeat summary judgment merely by invoking "possibl[e]" causes other than natural accumulation); *Nunez*, 2017 WL 3610566, at *4 (speculative "inference[s]" suggested by plaintiff are not "factual evidence" and are "insufficient to avoid summary judgment"); *Choi*, 217 Ill. App. 3d at 957 ("To establish a duty, the plaintiff must make an *affirmative showing* of an unnatural accumulation.") (citation omitted) (emphasis added). Pearson emphasizes that Walmart's employees could not testify "for certain" that the water droplets came from rainwater, [52] at 5, but as discussed above, under Illinois law, the burden lies with Pearson to put forward affirmative evidence in support of her theory.

Pearson notes that certain Walmart employees did not see any customers tracking in rainwater from their shoes and that they could not "attest to how big [] the area with water was." [52] at 5. Pearson then argues that it "would be a reasonable inference that if the water were tracked in by customers' shoes, there would be other water present in the surrounding area." *Id.* This argument does not provide a basis to deny summary judgment. At the outset, Pearson does not point to any facts or record support—in either her brief or her Local Rule 56.1 statements—affirmatively indicating that there was no tracked-in rainwater elsewhere in the store. Moreover, even if the court were to assume that rainwater was not tracked into any other parts of the stores by customers' shoes or carts, Pearson's argument overlooks that, as noted above, a customer closed an umbrella over the exact area of the fall only two minutes before the fall. Again, Pearson bears the burden of putting forth evidence that the water did not come from the umbrella. She has not done so.

In the alternative, Plaintiff argues that Walmart should be liable because it did not follow its own internal safety guidelines, such as offering customers

4

umbrella bags when it is raining, or warning customers to be careful of slippery floors on rainy days. [52] at 2–4. This argument does not provide a basis to deny summary judgment because under Illinois law, a company's own internal policies cannot give rise to the type of legal duty necessary to support a negligence claim. *Rhodes*, 172 Ill. 2d at 239 ("Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines. Rather, it is the law which, in the end, must say what is legally required."); *see also, e.g., Pytlewski v. United States*, 991 F. Supp. 1043, 1049 (N.D. Ill. 1998) ("The court rejects [the plaintiff's] argument that the [defendant's internal] handbooks created a legal duty on the [defendant's] part to remove the tracked in water. Analogous arguments have been made to, and rejected by, the Illinois appellate courts.") (collecting cases).

In sum, Plaintiff has not put forward affirmative evidence that would allow a reasonable jury to conclude that Walmart owed her a duty of care. Walmart is entitled to summary judgment.

## CONCLUSION

For the reasons above, Walmart's motion for summary judgment [49], is granted.

Date: September 30, 2021 /s/ Martha M. Pacold